UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


LORI LEE PONCE,                                             Case No.: 3: 11-CV-172-AC

                Plaintiff,                     OPINION AND ORDER

    v.

U.S. GOVERNMENT,

                Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

      Plaintiff, Lori Lee Ponce ("Ponce"), is suing defendant United States Government ("United States") for damages related to injuries she suffered when she tripped over a wheelchair at the Veteran's Medical Center in Portland, Oregon ("Medical Center"). Presently before the court is the United States' motion to dismiss the First Amended Complaint filed August 15, 2011 ("Complaint"). The court finds that all claims based on allegations that Ponce was injured while serving as a federal

employee are preempted by the Federal Employees Compensation Act, 5 U.S.C. §§ 8101-8193 (the "Act"), but that her claim for negligent maintenance of equipment at the Medical Center brought under the Federal Tort Claims Act is not preempted and is adequately alleged.  Accordingly, the court grants the United States' motion to dismiss with regard to the claims related to the Act and denies the motion with regard to the negligent maintenance claim.

*Background*

Ponce alleges that she entered into a contract with the United States to provide transportation services to disabled American veterans to and from medical appointments at the Medical Center as a volunteer in exchange for meals while volunteering, flu shots, protection from liability under the federal Tort Claims Liability Protection Act, and workers' compensation under the Act for injuries suffered while performing job duties. (First Am. Compl. ¶¶ 1, 13.)  On February 25, 2008, while at the Medical Center and, allegedly, while in the performance of her duties as a volunteer, Ponce tripped over a wheelchair and suffered physical injuries.  (First Am. Compl. ¶ 5.)  Ponce filed a claim for workers' compensation under the Act.  The claim was denied based on a finding that Ponce was not an "employee" under the terms of the Act at the time of her injury.  (First Am. Compl. ¶ 6.)  Ponce submitted requests for reconsideration of the denial of her claim.  Her requests were denied in administrative decisions, again based on findings that Ponce was not an employee covered by the Act.  (First Am. Compl. ¶ 7.)

On February 23, 2010, Ponce filed a federal tort claims notice based on the denial of her workers' compensation claim.  (First Am. Compl. ¶ 8.)  In the Notice of Final Denial dated August 26, 2010, the United States denied the claim despite an admission by the Department of Veteran Affairs (the "VA") that Ponce was an employee and was entitled to workers' compensation coverage

under the Act.  (First Am. Compl. ¶ 9.)  The United States based the denial on a finding that Ponce was not engaged in the performance of her assigned duties as a volunteer at the time she was injured and, therefore, did not qualify for workers' compensation benefits.  (First Am. Compl. ¶ 9.)

Ponce filed this action on February 10, 2011, asserting claims for breach of contract based on the failure of the United States to provide the agreed upon workers' compensation coverage; negligence based on misrepresentations to her that she would be entitled to workers' compensation coverage, as well as negligence in processing her workers' compensation claim and in maintaining equipment at the Medical Center; a declaration that she is entitled to workers' compensation benefits for the injuries she sustained on February 25, 2008; a finding that the actions of the United States in denying her workers' compensation claim were arbitrary, capricious, an abuse of discretion, and contrary to law in violation of the Administrative Procedures Act; and a mandate requiring the United States, through the Secretary of Labor, to review the prior erroneous denials of her workers' compensation claim.  The United States moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(1) and (6).

*Legal Standard*s

I.  FED R. CIV. P 12(b)1 – Subject Matter Jurisdiction

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court."  *Ahmed v. Scharfen*, No. C 08-1680 MHP, 2009 WL 55939, at *3 (N.D. Cal. Jan. 7, 2009) (citing *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039-40 (9th Cir. 2003)).  This challenge to jurisdiction may be either facial or factual, depending on whether the motion relies only on the allegations in the complaint or if it relies on

evidence extrinsic to the complaint as well. *See Savage*, 343 F.3d at 1039 ("In evaluating the rule 12(b)(1) motion to dismiss, the district court considered affidavits furnished by both parties. This is proper because Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." (citation omitted)). Where the challenge is factual, the court "need not" presume the allegations contained in the complaint are true. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The party asserting jurisdiction bears the burden of establishing that it exists in a given case. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182-183 (1936)).

## II. FED R. CIV. P 12(b)6 – Failure to State a Claim

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2)(2011). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d

962, 969 (9th Cir. 2009)(quoting *Iqbal*, 129 S. Ct. at 1949).

*Discussion*

I.  FED R. CIV. P 12(b)1 – Subject Matter Jurisdiction

    *A.  Preemption*

    The United States argues that the Act provides the exclusive forum for Ponce's action and

that the claims asserted in the Complaint are preempted by the Act.  The Act is a federal workers'

compensation scheme intended to provide an exclusive remedy for work-related injuries to federal

employees.  The Act provides that "[t]he United States shall pay compensation as specified by this

subchapter for the disability or death of an employee resulting from personal injury sustained while

in the performance of his duty . . . ." 5 U.S.C. § 8102(a)(2010).[1]  Liability under the Act with regard

to the injury or death of an employee:

> is exclusive and instead of all other liability of the United States or the
> instrumentality to the employee, his legal representative, spouse, dependents, next
> of kin, and any other person otherwise entitled to recover damages from the United
> States or the instrumentality because of the injury or death in a direct judicial
> proceeding, in a civil action, or in admiralty, or by an administrative or judicial
> proceeding under a workmen's compensation statute or under a Federal tort liability
> statute."  5 U.S.C. § 8116(c)(2010).

    Congress has given the Secretary of Labor ("Secretary") exclusive authority to administer

the Act and to decide all questions arising under the Act, including the question of coverage.  5

U.S.C. §§ 8145, 8149 (2010); *see also Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir.

2005).  The Secretary has delegated responsibility for administering the Act to the Director of the

---

[1]There are exceptions to coverage if the injury or death is "(1) caused by willful misconduct
of the employee; (2) caused by the employee's intention to bring about the injury or death of himself
or of another; or (3) proximately caused by the intoxication of the injured employee."  5 U.S.C. §
8102(a)(2010).

Office of Workers' Compensation Programs ("Director").  20 C.F.R. § 10.1 (2010).  Once the Director determines that a federal employee has suffered a work-related injury, as defined by the Act, the employee is limited to the remedies authorized by the Act, even if a particular type of damage or consequence suffered by the claimant is not compensable under the Act.  *See United States v. Lorenzetti*, 467 U.S. 167, 169 (1984).  The action of the Secretary in allowing or denying payment of benefits under the Act are "final and conclusive for all purposes and with respect to all questions of law and fact" and are "not subject to review by another official of the United States or by a court by mandamus or otherwise."  5 U.S.C. § 8128(b).  "If a plaintiff has a colorable claim under [the Act], the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction."  *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003).

The Ninth Circuit recognizes two narrow exceptions to this absolute jurisdictional bar.  Federal courts retain jurisdiction to consider constitutional challenges and claims for violation of a clear statutory mandate or prohibition.  *Markham*, 434 F.3d at 1187 (citing *Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988).  Ponce apparently concedes her claims for workers' compensation benefits based on her status as a federal employee fall within the Act and are generally subject to the preemption of the Act.  However, Ponce argues that her claims qualify under both narrow exceptions and are, therefore, not barred.

1.  Constitutional Challenge

Ponce argues that she has a property interest in workers' compensation benefits under the Act and that the manner in which the Secretary denied her claim for such benefits violated her constitutional due process rights.  Ponce bases this argument on the Secretary's denial of her claim based on a finding that she was not a federal employee, despite the fact that the VA later admitted

she was a federal employee, and on a finding that she was not acting within the scope of her duties as a federal employee when she was injured.

The court is not convinced that Ponce asserts a proper constitutional due process claim in the Complaint. The Complaint is couched in terms of breach of contract and negligence. Ponce seeks a finding that she is covered by the terms of the Act and damages on her contract and tort claims. She does not specifically allege that her due process rights were violated by conduct attributable to the United States nor does she seek damages related to such conduct. To state a valid constitutional due process claim and avoid preemption, such claim must be entirely collateral to a plaintiff's underlying substantive claim for benefits. *Rodrigues v. Donovan*, 769 F.3d 1344, 1347 (9th Cir. 1985). Where the plaintiff challenges the action of the Secretary in not allowing the requested benefits and asks the court to decide her disability claim rather than merely complaining about the manner in which the Secretary decided her claim, the plaintiff has not asserted an independent constitutional claim. *Id.* "[A] mere allegation of a constitutional violation [is] not sufficient to avoid the effect of a statutory finality provision." *Id.* at 1348 (citing *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir. 1985).

Here, the allegations in the Complaint challenge the reasons given by the Secretary for denying her claim. Ponce asks the court to find that she is entitled to benefits or, alternatively, to require the Secretary to reconsider the finding she was not a federal employee at the time of the incident. Ponce's constitutional due process claim is intertwined with, and not collateral to, her claim for benefits. As such, Ponce has failed to state an independent constitutional claim.

Even if such a claim is adequately alleged in the Complaint, it does not qualify for the narrow exception relied on by Ponce. "When a government-created property interest is at stake, due process

principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination of that interest." *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991). Ponce alleges only that the Secretary wrongly determined that she was not a federal employee entitled to benefits under the Act in light of the subsequent admission by the VA that she was an employee covered by the Act. She does not allege that she was not given notice or the opportunity to participate in the administrative consideration of her claim for benefits. Ponce has failed to allege a constitutional challenge which qualifies for an exception to preemption by the Act.

### 2. Clear Statutory Mandate

To qualify for the clear statutory mandate exception, a plaintiff must establish that the Act "contains a clear statutory command that the Secretary has transgressed." *Staacke*, 841 F.2d at 282. The Ninth Circuit has held that the Act:

> vests plenary authority in the Secretary of Labor to "administer, and decide all questions arising under, [the Act]." Specifically, the Secretary may award or refuse to award compensation, and may, at his discretion, "end, decrease, or increase the compensation previously awarded." Consequently, the discretion accorded to the Secretary "to make policy choices associated with disability decision" is virtually limitless. Under such circumstances, there can be no review based on a violation of a clear statutory mandate."

*Id*. (internal citations omitted).

Ponce argues that the Secretary's denial of her claim for benefits based on a finding that she was not an employee, when viewed in light of the VA's admission that she was a federal employee, violates the clear statutory mandate found in 5 U.S.C. § 8102. That statute provides that "[t]he United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ."

Ponce ignores the clear statutory requirement that in addition to qualifying as a federal employee, the injury for which benefits are sought must be sustained while the federal employee is performing her duties as a federal employee in order to be compensable under the Act.

The ruling by the Secretary that Ponce was not a federal employee is ambiguous. It could mean that the Secretary determined that Ponce was not a federal employee under the terms of the Act and not entitled to benefits under any circumstances, which would directly conflict with the VA's admission that Ponce was a federal employee under the Act. Or, it could mean that the Secretary determined that Ponce was not acting as a federal employee when she suffered the injury for which she seeks benefits. The second interpretation of the Secretary's ruling does not conflict with either the VA's admission or the language of the Act and is, in fact, supported by the denial of Ponce's tort claim on this exact ground.

The questions of whether a plaintiff is a federal employee and whether the alleged injury occurred while the plaintiff was on the job are questions of coverage. *Figueroa v. United States*, 7 F.3d 1405, 1407-08 (9th Cir. 1993). Questions of coverage are within the discretion of, and should be resolved solely by, the Secretary. *Id*. at 1408 (citing *Reep v. United States*, 557 F.2d 204, 207 (9th Cir. 1977)).

Ponce has failed to allege a constitutional challenge or that the Secretary transgressed a clear statutory mandate in determining that she was not entitled to benefits under the Act. Therefore, to the extent Ponce's claims are covered by the Act, they are preempted.

### B.  Specific Claims

The Act provides compensation to federal employees who sustain injuries during the performance of their duties. *Figueroa*, 7 F.3d at 1407. The remedies provided by the Act "are

exclusive of all other remedies against the United States for job-related injury or death." *Id.*

Accordingly, any claim asserted by Ponce which relies on the Act or allegations that she was injured while serving as a federal employee are preempted by the Act. These include her breach of contract claim for failure to provide her with benefits under the Act, and her negligence claims based on the negligent assessment of her entitlement to benefits and negligent representations that she would be entitled to benefits under the Act. Accordingly, this court lacks subject matter jurisdiction over these claims based on the exclusivity and preemption of the Act.

Ponce also alleges this court has subject matter jurisdiction over her claims under 28 U.S.C. § 2201 relating to declaratory judgments, 5 U.S.C. § 702 relating to action against administrative agencies, 28 U.S.C. § 1361 relating to mandamus, and 28 U.S.C. § 1346[2] for actions against the United States. Generally, the Ninth Circuit has held that the language of § 8128(b) of the Act:

> is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction.

*Staacke*, 841 F.2d at 281. Specifically, Ponce may not rely on the Administrative Procedures Act or the Declaratory Judgment Act (28 U.S.C. § 2201 and 5 U.S.C. § 702) for subject matter jurisdiction over her claim as a federal employee for injuries she allegedly sustained while engaged in such employment. *See Staacke*, 841 F.2d at 278 ("It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction, but merely provides an additional

---

[2]Ponce relies on both 28 U.S.C. § 1346(a)(2), which relates to actions against the United States based on breach of contract not exceeding $10,000, and 28 U.S.C. § 1346(b), which relates to negligence actions against the United States. As Ponce's contract claims are barred by the Act, 28 U.S.C. § 1346(a)(2) no longer provides a means to establish subject matter juridiction. Subject matter jurisdiction under 28 U.S.C. § 1346(b) is discussed below.

remedy in cases where jurisdiction is otherwise established."); *Soderman v. United States Civil Serv. Comm'n*, 313 F.2d 694, 695-6 (9th Cir. 1962)("Nor does the Administrative Procedure Act assist appellant.  It is not applicable where, as in this case, statutes preclude judicial review.").  Similarly, 28 U.S.C. § 1361, which allows the court to compel an officer or employee of the United States to perform a duty by virtue of mandamus, does not provide an independent source of subject matter jurisdiction over Ponce's claim for benefits under the Act.  *See Starbuck v. City and County of San Francisco*, 556 F.2d 450, 458 n.18 (9th Cir. 1977)("Appellants' claim for relief under the mandamus statute, 28 U.S.C. § 1361 (1976), is equally unfounded.  That statute does not provide an independent ground for jurisdiction.  Since appellants have failed to make out a claim under the Raker Act, and lack sufficient standing to invoke the [Administrative Procedures Act], they cannot avail themselves of the more extraordinary mandamus remedy.")

This leaves only the negligence claim brought under the Federal Torts Claim Act based on the United States' failure to properly maintain equipment at the Medical Center.  Plaintiff alleges that she "tripped over a portion of a wheelchair at Portland's VA hospital and injured her knees, ankles, hands, back, and abdomen."  (First Am. Compl. ¶ 5.)  While the claims which rely on Ponce's status as an employee and her right to benefits under the Act are clearly barred by the exclusivity of the Act, negligence claims that are unrelated to such employment are allowed when the Secretary has denied the claim for benefits or such claims clearly do not qualify for benefits under the Act.

In *Binney v. United States*, 329 F. Supp. 351 (D. Or. 1971), this court found that because the Secretary rejected a surviving spouses' claim for benefits under the Act based on a finding that the deceased was not a civilian employee under the terms of the Act, the surviving spouse was entitled

to pursue a negligence claim against the United States for the losses proximately caused by its negligence. More recently, this court determined that a federal employee who failed to allege physical injury as required to qualify for benefits under the Act was not barred by the Act from pursuing her negligence claims under the Federal Tort Claims Act. *Wilson-Sauls v. Curtis*, Civil No. 07-163-AS, 2008 WL 395792, at *7-9 (D. Or. Feb. 8, 2008). In a later opinion, the court found the same plaintiff was barred by the Act from pursuing an action against different defendants based on plaintiff's receipt of benefits under the Act for physical injuries she suffered while on the job. *Wilson-Sauls v. Curtis*, Civil No. 07-0163-AC, 2008 WL 4837494, at *4 (D. Or. Nov. 4, 2008).

Because the Secretary denied Ponce's workers' compensation claim based on a finding that Ponce was not a federal employee and did not qualify for such benefits, Ponce is not barred from pursuing her claim against the United States for injuries suffered not as an employee, but as a citizen, based on the United States' alleged failure to properly maintain equipment at the Medical Center. Ponce asserts, and this court agrees, that this court has jurisdiction over her negligence claim under 28 U.S.C. § 1346(b), which provides federal district courts with exclusive jurisdiction over claims against the United States to recover money damages based on injuries suffered as a result of a negligent or wrongful act of any employee of the United States while acting in the course and scope of his employment. Ponce's claim for the negligent maintenance of equipment at the Medical Center under the Federal Tort Claims Act is properly before this court.

II.  FED R. CIV. P 12(b)6 – Failure to State a Claim

The United States argues that even if the court finds that Ponce may assert a claim based on negligently-maintained equipment at the Medical Center, she fails to allege that she was injured by negligently-maintained equipment and, as such, has failed to state a claim for negligence. Ponce

alleges that she was injured when she tripped over a wheelchair at the Medical Center. (First Am. Compl. ¶ 5.) She also alleges that she "was injured on defendant's agent's property by a condition of negligently-maintained equipment on those premises and [] is entitled to damages for defendant's negligence in amounts to be determined at trial." (First. Am Compl. ¶ 18.) It is clear from these allegations that Ponce is alleging that the wheelchair was either negligently maintained or that the United States was negligent in storing the wheelchair where Ponce could trip over it. Even though lacking in specific details, these allegations are sufficient to constitute a plausible claim for relief, consistent with *Twombly's* mandate.

### Conclusion

The United States' motion to dismiss (#24) is DENIED with regard to Ponce's claim for negligent maintenance of equipment at the Medical Center brought under the Federal Tort Claims Act and GRANTED in all other respects.

DATED this 31st day of January, 2012.


/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge