UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LORI LEE PONCE, | Case No.: 3:11-CV-172-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| U.S. GOVERNMENT, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Defendant United States Government ("United States") brings this partial motion to dismiss the Second Amended Complaint of plaintiff Lori Lee Ponce ("Ponce") pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).[1] Previously, Ponce brought five separate claims:

---

[1] In its current motion to dismiss, the United States does not specify on what legal grounds it moves, stating simply "The Court's Opinion and Order (Docket #43) sets out the law that explains why Plaintiff's OWCP claims must be dismissed." (Def.'s Mot. for Partial Dismissal of Pl.'s Second

OPINION AND ORDER         1         {TPW}

breach of federal contract, negligence, violation of the Administrative Procedure Act ("APA"), a declaratory judgment action, and a petition for a writ of mandamus. With the exception of Ponce's claim regarding negligently maintained equipment at the Portland, Oregon, Veterans' Medical Center ("Medical Center"), those claims were dismissed without prejudice in this court's Opinion and Order issued on January 31, 2012. Ponce subsequently filed the Second Amended Complaint from which this motion arises.

Because Ponce's Second Amended Complaint adequately alleges a due process violation that qualifies for an exception to the general jurisdictional preemption of the Federal Employees Compensation Act, 5 U.S.C. §§ 8101-8193 ("FECA"), the United States' motion is denied with regard to that claim. However, because Ponce fails to establish that the Secretary of Labor ("Secretary") violated a clear statutory mandate in finding the Ponce was not a federal employee at the time of her injury, the United States' motion is granted with regard to Ponce's declaratory judgment action, APA violation claim, and petition for a writ of mandamus, and those claims are dismissed.

*Background*

The basic facts of Ponce's complaint remain unchanged from her First Amended Complaint: on February 25, 2008, while allegedly performing her duties as a volunteer driver for the Veterans' Administration ("VA"), Ponce tripped over a wheelchair and injured her knees, ankles, hands, back, and abdomen. (Second Am. Compl. ¶ 5.) In accordance with the understanding conveyed to her by

---

Am. Compl. ("Def.'s Mot.") at 2). Because the United States' prior motion to dismiss (#24) was based on both Rules 12(b)(1) and 12(b)(6), the court will construe the United States' legal posture in the same manner. However, because the primary legal matters raised by the United States's current motion almost exclusively involve jurisdiction, the court will consider Rule 12(b)(6) issues by implication only.

the VA that workplace injuries suffered by without compensation employees ("WOCs") were covered under FECA, Ponce filed a coverage claim with the Department of Labor's Office of Workers' Compensation Programs ("OWCP"), which administers such claims. (*Id.* ¶¶ 4, 6.) Her claim was denied, and despite Ponce's requests for reconsideration, the Secretary issued its Notice of Final Denial on August 26, 2010. (*Id.* ¶ 7, 11.) In the interim, on February 23, 2010, Ponce filed a federal tort claims notice based on the denial of her workers' compensation claim. (*Id.* ¶ 10.) On February 10, 2011, Ponce commenced this court action.

*Legal Standard*

I. Rule 12(b)(1) – Subject Matter Jurisdiction

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court." *Ahmed v. Scharfen*, No. C 08-1680 MHP, 2009 WL 55939, at *3 (N.D. Cal. Jan 7, 2009) (citing *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003)). This challenge to jurisdiction may be either facial or factual, depending on whether the motion relies only on the allegations in the complaint or on evidence extrinsic to the complaint as well. *See Savage*, 343 F.3d at 1039 ("In evaluating the rule 12(b)(1) motion to dismiss, the district court considered affidavits furnished by both parties. This is proper because Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." (citation omitted)). Where the challenge is factual, the court "need not" presume the allegations contained in the complaint are true. *White v. Lee*, 227 F.3d 1213, 1242 (9th Cir. 2000). The party asserting jurisdiction – here, plaintiff – bears the burden of establishing that it exists in a given case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors.*

*Acceptance Corp. of Ind.*, 298 U.S. 178, 182-183 (1936)). This burden must be proven by a preponderance of the evidence. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986).

II. Rule 12(b)(6) – Failure to State a Claim

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2)(2011). While a federal claimant is not required to detail all factual allegations, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), established the need for a complaint to contain facts sufficient to give proper notice of the claim's content and basis. To be upheld under Rule 12(b)(6), a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court clarified *Twombly*, laying down two specific principles to guide evaluation of a complaint's legal sufficiency. First, courts need not accept a complaint's legal conclusions, though they remain bound to accept as true all the complaint's asserted facts. *Id.* at 678. Second, the facts set forth in the complaint must support a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged ." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

*Discussion*

I. Preemption

As this court stated in its prior Opinion and Order, under FECA, the Secretary has "exclusive authority to administer the Act and to decide all questions arising under the Act, including the question of coverage." (Opinion & Order ("Op.") at 5.) Because of that exclusive authority, "the

OPINION AND ORDER 4 {TPW}

action of the Secretary in allowing or denying payment of benefits under the Act are 'final and conclusive for all purposes and with respect to all questions of law and fact' and are 'not subject to review by another official of the United States or by a court by mandamus or otherwise.'" (*Id.* at 6 (quoting 5 U.S.C. § 8128(b)).) Thus, this court generally has no authority to review the Secretary's decisions. However, as Ponce asserts and the United States concedes, two narrow exceptions exist to this otherwise absolute jurisdictional bar: constitutional challenges and claims for violation of a clear statutory mandate. *Markham v. U.S.*, 434 F.3d 1185, 1187 (citing *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988). Ponce contends her claims fall within both exceptions; the United States disagrees.

### A. Ponce's Constitutional Challenge

The Ninth Circuit has attached certain conditions to constitutional claims that attempt to circumvent FECA preemption. For example, "a mere allegation of a constitutional violation [is] not sufficient to avoid the effect of a statutory finality provision." *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985). The claim must be cognizable, substantial, and entirely collateral to the plaintiff's substantive claim for benefits. *Id.* at 1347, 1348. Essentially, where the plaintiff challenges the *substance* of the Secretary's decision to not award benefits, rather than the *manner* in which that decision was made, the plaintiff has *not* asserted a valid constitutional claim. *Id.* at 1347. In claims for due process violations, such as Ponce's, the plaintiff must at least allege that she was not given adequate notice or an opportunity to participate in the administrative process for deciding her FECA claim. *Raditch v. U.S.*, 929 F.2d 478, 480 (9th Cir. 1991).

In her First Amended Complaint, Ponce hinted at a constitutional claim, arguing by implication that the Secretary's justification for denying her claim violated her due process rights;

specifically, the Secretary's contention that Ponce was not a federal employee at the time of her injury. This court's previous Opinion and Order agreed with the United States that Ponce had not established a constitutional claim independent of her substantive claim for benefits. (Op. at 7.) At no point in her First Amended Complaint did Ponce allege a cognizable due process claim, specifically failing to allege that the Secretary had not provided her with adequate notice or an opportunity to participate in the administrative consideration of her claim. Indeed, Ponce essentially asked this court to either find that she was entitled to workers' compensation benefits or order the Secretary to reconsider his decision – requests this court does not have the power to grant. 5 U.S.C. § 8128(b).

However, in her Second Amended Complaint, Ponce has remedied the deficiencies of her constitutional claim. Now, Ponce specifically alleges conduct that violated her due process rights; for example, that OWCP failed to adequately consult with the VA before denying Ponce's claim on the basis that she was not an employee. (Second Am. Compl. ¶ 8.) Ponce also alleges that she was not provided with adequate notice of OWCP's claims process, of her right to involve and consult with the VA, or the substantive evidentiary grounds for OWCP's decision. (Id. ¶ 9.) Finally, Ponce includes a specific claim for relief based on due process. (Id. ¶¶ 13-15.) Considered on their own, these allegations adequately plead procedural claims that are not intertwined with the Secretary's substantive denial of Ponce's benefits.

The United States correctly notes that Ponce pursued a number of administrative remedies within the OWCP review process before bringing this action, presumably in support of its argument that Ponce's constitutional claims are substantive rather than procedural. (Def.'s Mot. at 3.) But given the byzantine nature of federal workers' compensation and disability procedure, particularly

as it relates to part-time volunteers rather than full-time employees, Ponce may have attempted to pursue her administrative claim without proper notice of what that process entailed. In fact, the limited record presented here at least suggests that different government agencies were unable themselves to sort out whether Ponce was covered by the workers' compensation statute.[2] Accordingly, Ponce has properly alleged procedural irregularities that deprived her of her due process rights, and in the absence of any cogent legal argument or extrinsic evidence to the contrary from the United States, this court denies the government's motion with respect to Ponce's constitutional claims.

### B. The Clear Statutory Command Exception

For a claim to fall under FECA's clear statutory mandate exception, a plaintiff must establish that the Secretary has violated a "clear statutory command" contained within FECA. *Staacke*, 841 F.2d at 282. Absent such a command, judicial bodies have no authority to review the Secretary's final decisions. *Id.* The statutory command at issue here is FECA's definition of employee:

> (b) An individual rendering personal services to the United States similar to the service of a civil officer or employee of the United States, without pay or for nominal pay, when a statute authorizes the acceptance or use of the service, or authorizes payment of travel or other expenses of the individual

5 U.S.C. § 8101(1)(b). Coupled with 38 U.S.C. § 513, which creates the WOC position Ponce occupied at the Medical Center, the Ninth Circuit has held unequivocally that "volunteer workers at Veteran's Administration hospitals are 'employees' for FECA purposes." *Lance v. U.S.*, 70 F.3d 1093, 1095 (9th Cir. 1995). By denying her FECA workers' compensation claim, then, Ponce asserts that the Secretary violated a clear statutory mandate to provide coverage for Ponce's injury.

---

[2] First Am. Compl. ¶¶ 7, 9, Second Am. Compl. ¶¶ 6-9.

Previously, this court held that Ponce's First Amended Complaint did not meet the very high standard of the "clear statutory command" exception, specifically because the language used in the Secretary's denials of Ponce's claim was subject to at least two plausible interpretations, one of which was both supported by the evidence and did not violate FECA's statutory mandates. (Op. at 9.) As a result, Ponce's Second Amended Complaint explicitly changes its narrative with regard to the initial denial. Rather than being denied because "she was not an 'employee' at the time of the subject injury,"[3] Ponce now claims the Secretary's rationale was that Ponce "was not an 'employee' . . . under any circumstances regardless of whether or not she was performing her WOC related DAV duties."[4] In support of this new account, Ponce added an allegation that her injury occurred "during the process of arranging for transport of veterans in the performance of her DAV duties." (Second Am. Compl. ¶ 5.)

Were this purely a Rule 12(b)(6) proceeding, the court would be bound to accept Ponce's well-pleaded factual allegations as true. *Iqbal*, 556 U.S. at 678. But as a Rule 12(b)(1) matter, the court is permitted to examine extrinsic evidence, "need not" presume the complaint's factual veracity, and must ensure that the evidence plaintiff has offered meets the preponderance standard. *White*, 227 F.3d at 1242, *Haisten*, 784 F.3d at 1396. Here, the extrinsic evidence consists of matters already in the public record, such as Ponce's First Amended Complaint and both parties' motions and memoranda. Neither party filed declarations or submitted exhibits, such as the actual notices of denial sent to Ponce by the Secretary – though it should be noted that the text of those notices could definitively establish the level of ambiguity in the Secretary's ruling. Therefore, after

---

[3] First Am. Compl. ¶ 6.

[4] Second Am. Compl. ¶ 6.

weighing the existing evidence, and with particular attention given to the fact that, at least initially, both Ponce and the United States agreed that the Secretary's final denial found that Ponce was not "engaged in the performance of her assigned duties at the time she was injured," this court finds Ponce has failed to adequately allege that the Secretary transgressed FECA's clear statutory mandate to provide WOC employees with workers' compensation coverage.

II. Specific Claims

Ponce's remaining allegations include a negligence claim not at issue in this proceeding, a declaratory judgment action, an APA violation, and a request for a writ of mandamus. Turning to each of the disputed claims in turn, this court reiterates its prior determination that Ponce "may not rely on the Administrative Procedures Act or the Declaratory Judgment Act (28 U.S.C. § 2201 and 5 U.S.C. § 702) for subject matter jurisdiction over her claim as a federal employee for injuries she allegedly sustained while engaged in such employment" (citing *Staacke*, 841 F.2d at 278 and *Soderman v. U.S. Civil Serv. Comm'n*, 313 F.2d 694, 695-6 (9th Cir. 1962)).

However, as with her other claims, Ponce has edited these sections of her Second Amended Complaint in an attempt to address her initial complaint's deficiencies. Rather than asking for declaratory judgment that she is entitled to workers' compensation coverage, Ponce now asks this court to declare that she was "a federal employee entitled to *seek* federal workers' compensation benefits under FECA for injuries arising out of her February 25, 2008, accident." (Second Am. Compl. ¶ 19) (emphasis added). This court has determined that Ponce is a federal employee who is entitled to workers' compensation benefits for injuries sustained on the job, consistent with the precedent established by *Lance*, 70 F.3d at 1095. But, as explained in this opinion's discussion of the clear statutory mandate exception, *supra*, this matter is a Rule 12(b)(1) jurisdictional challenge,

and as such, the weight of the evidence thus far supports the contention that the Secretary denied Ponce's claim because Ponce was *not* performing job-related duties at the time of her injury. Thus, the court can neither declare that Ponce was acting as a federal employee when she was injured, nor can it find the Secretary's actions arbitrary, capricious, or an abuse of discretion.

Finally, regardless of whether or not the Secretary's decision was factually correct, it is outside the jurisdiction of this court to say that the Secretary is wrong. The question of whether a plaintiff's alleged injury occurred while on the job is a question of coverage, within the discretion of – and to be solely resolved by – the Secretary. *Figueroa v. U.S.*, 7 F.3d 1405, 1407-08 (9th Cir. 1993). Ponce correctly points out that under 5 U.S.C. § 8128, the Secretary may review her decision to deny payment at any time. However, the court cannot *order* her to do so. Accordingly, Ponce's declaratory judgment action, APA violation claim, and petition for a writ of mandamus are dismissed.

## *Conclusion*

For the foregoing reasons, the United States' motion for partial dismissal (#54) is DENIED with regard to Ponce's due process claim and GRANTED in all other respects.

DATED this 17th day of August, 2012.

JOHN V. ACOSTA
United States Magistrate Judge