UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LORI LEE PONCE, | Case No.: 3: 11-CV-172-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| U.S. GOVERNMENT, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Presently before the court is a motion for summary judgment filed by defendant, the United States Government ("United States"), against the sole remaining claim of Lori Lee Ponce ("Ponce") for a violation of the due process clause based on allegations that the United States failed to properly and timely process Ponce's workers' compensation claim under the Federal Employees

Compensation Act, 5 U.S.C. §§ 8101-8193 (the "Act"). The court finds that Ponce's claim, for which she seeks money damages, is barred by sovereign immunity. Accordingly, the United States' motion for summary judgment is granted.[1]

## Background

The basic facts of Ponce's claim have remained unchanged throughout the amendments to her complaints. On February 25, 2008, while allegedly performing her duties as a volunteer driver for the VA, Ponce tripped over a wheelchair and injured her knees, ankles, hands, back, and abdomen. (Third Am. Compl. ¶¶ 1, 5.) The VA had previously informed Ponce that as a volunteer, she was considered a without compensation employee and would be covered by the Act in the event she suffered an on-the-job injury. (Third Am. Compl. ¶¶ 3, 4.) Based on this information, Ponce filed a claim for workers' compensation under the Act with the Department's Office of Workers' Compensation Programs ("OWCP"), which administers such claims. (*Id.* ¶¶ 4, 6.). (Third Am. Compl. ¶¶ 3, 4.) The claim was denied based on a finding that Ponce was not an "employee" under the terms of the Act at the time of her injury. (Third Am. Compl. ¶ 6.) Ponce submitted requests for reconsideration of the denial of her claim which were denied in administrative decisions, again based on findings that Ponce was not an employee covered by the Act.

On February 23, 2010, Ponce filed a federal tort claims notice based on the denial of her workers' compensation claim. (Third Am. Compl. ¶ 10.) By letter dated August 26, 2010, Ponce received notice that her administrative tort claim had been denied. (Third Am. Compl. ¶ 11.) Ponce filed this action on February 10, 2011. Subsequently, OWCP reviewed Ponce's workers'

---

[1]The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

compensation claim on its own motion and, on June 1, 2012, issued a decision vacating its prior denial and finding that Ponce "was a Federal civilian employee who filed a timely claim." (Third Am. Compl. ¶ 11.)

Ponce alleges that OWCP has a "pattern and practice" of denying claims for volunteers and that the more than four-year delay in the determination that she was an employee covered by the Act violated her constitutional due process rights and delayed her medical treatment resulting in physical and emotional damage. (Third Am. Compl. ¶ 16.) Ponce seeks money damages for her injuries. (Third Am. Compl. at 4.)

*Legal Standard*

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2012). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. A party asserting that a fact cannot be true or is genuinely disputed must support the assertion with admissible evidence. FED. R. CIV. P. 56(c) (2012). The "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Discussion*

Ponce seeks money damages for the emotional and physical distress she suffered as a result of the United States' violation of her constitutional rights to procedural process when it delayed the consideration of her claim for more than four years. The United States asserts it has not waived its sovereign immunity with regard to such a claim and that Ponce's claim is, therefore, barred.

As a general rule, sovereign immunity bars suits against the United States absent explicit consent to be sued. *Lehman v. Nakshian,* 453 U.S. 156, 160-61 (1981). The United States must clearly waive immunity through an unequivocal expression in statutory text. *Lane v. Pena,* 518 U.S. 187, 192 (1996). "To sustain a claim that the Government is liable for awards of monetary damages,

the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Id*. Waiver cannot be implied, and any expressed waiver will be strictly and narrowly construed in favor of the United States. *Id.* Plaintiffs have the burden of pointing to an unequivocal waiver of immunity. *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied., Holloman v. Clark,* 466 U.S. 958 (1984).

In her opposition, Ponce fails to identify any statutory waiver of sovereign immunity with regard to her claim.[2] In fact, Ponce appears to concede that sovereign immunity bars her claim against the United States by arguing only that if the court intends to grant summary judgment based on sovereign immunity, it should order the joinder of the individual employees and allow Ponce to proceed against the individuals in a *Bivens* action.[3] The majority of Ponce's opposition to the United States' motion for summary judgment is spent arguing the viability of a *Bivens* claim against the individuals. In conclusion, she argues that "[u]nder the procedural history of this matter and the facts of this case, plaintiff's constitutional claims should be allowed to proceed as a *Bivens* action."

Based on Ponce's failure to meet her burden to provide the court with legislation granting an unequivocal waiver of immunity, and her implied concession in her argument that her action should continue as a *Bivens* claim against individual government employees, the court finds that

---

[2]Even if Ponce intended to rely on the Act to provide a sovereign immunity waiver, such waiver is expressly limited to actions covered by the Act. Ponce has argued, and this court has found, that Ponce's sole remaining claim is based on constitutional conduct that lies outside of the Act. *Ponce v. United States Government*, No 3:11-CV-172-AC, 2012 WL 3597565, at *2-3 (D. Or. Aug. 17, 2012). Therefore, any waiver of sovereign immunity which would allow Ponce to recover money damages from the United States for violations of her constitutional rights in the processing of her claim under the Act would need to be unequivocally and unambiguously stated in another congressional act.

[3]Ponce also filed a motion to amend her complaint to name the individual defendants.

Ponce's claim against the United States is barred by sovereign immunity. Accordingly, the United States is entitled to summary judgment on Ponce's claim against it.

*Conclusion*

The United States' motion (#74) for summary judgment is GRANTED.

DATED this 21st day of November, 2013.

        /s/ John V. Acosta
       JOHN V. ACOSTA
    United States Magistrate Judge